UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAFFAELE MOSCA,

        Petitioner,

v.                                                         Case No: 6:16-cv-2057-Orl-37TBS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

        Respondents.
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 7) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 22) to the Response. For the reasons set forth herein, the Petition is denied.

### I.    Procedural Background

The State Attorney of the Ninth Judicial Circuit charged Petitioner by Amended Information in Orange County, Florida with grand theft of a motor vehicle (Count One), robbery (Count Two), false imprisonment (Count Three), battery (Count Four), and grand theft (Count Five). (Doc. 8-1 at 87-90). A jury found Petitioner guilty as to all

counts. (*Id*. at 116-20). The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of forty years as to Count Two and to five years as each of the remaining counts, with the sentences to run concurrently. (*Id*. at 102-08). The trial court subsequently resentenced Petitioner as a violent career criminal to ten year terms of imprisonment as to each of Counts One, Three, and Four. (*Id*. at 180-88). Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal ("Fifth DCA"), which reversed and remanded for the trial court to reimpose the sentences for Counts One, Three, and Four that were originally entered. (*Id*. at 1022).

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied. (*Id*. at 1025-42, 1067-70). The Fifth DCA affirmed the denial *per curiam*. (Doc. 8-2 at 4). Petitioner then filed a petition for writ of habeas corpus, which the Fifth DCA denied. (*Id*. at 22-32).

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

The AEDPA governs the Petition. Because Petitioner's claims were adjudicated on the merits by the state courts, Petitioner can obtain relief only if that adjudication was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court's findings of fact are presumed

2

correct under AEDPA "unless rebutted by clear and convincing evidence."  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir.2005) (citing 28 U.S.C. 2254(e)(1)).

"A state court decision is 'contrary to' clearly established federal law when it arrives at an opposite result from the Supreme Court on a question of law, or when it arrives at a different result from the Supreme Court on 'materially indistinguishable' facts."  *Owens v. McLaughlin*, 733 F.3d 320, 324 (11th Cir. 2013) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)).  Under the "unreasonable application" clause, habeas relief may be granted only if "the state court identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case."  *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1262 (11th Cir.2014) (quoting *Jones v. GDCP Warden*, 746 F.3d 1170, 1183 (11th Cir.2014)).

"[A]n unreasonable application [of clearly established federal law] must be objectively unreasonable, not merely wrong; even clear error will not suffice.  Rather, . . . a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted).

**B.**     **Standard for Ineffective Assistance of Counsel**

To prevail on an ineffectiveness claim, the petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner must demonstrate that counsel's performance was deficient.  To meet this

3

prong, the petitioner must show that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. *Id*. at 687. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, consequently, counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id*. at 689. Next, the petitioner must demonstrate that prejudice was suffered as a result of that performance. *Id*. at 687. Prejudice is established when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the petitioner has made an insufficient showing on one. *See id*. at 697; *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

### III. ANALYSIS

**A. Claim One**

Petitioner states that counsel was ineffective for failing to properly explain the plea offer and how the Violent Career Criminal Act ("VCC") pertained to the plea offer. (Doc. 1 at 5). This claim was raised in Petitioner's Rule 3.850 motion, and it was denied because Petitioner was aware of the VCC ramifications. (Doc. 8-1 at 1069).

Petitioner states that counsel at "no time . . . explain[ed] to [him] the Violent Criminal Act and its minimum mandatory requirements and how it effect[ed] [sic] his

4

plea." (Doc. 1 at 5). The record reflects that, prior to trial, the prosecutor set forth the terms of the plea offer and that Petitioner rejected the offer. (Doc. 8-1 at 1071). The trial court then thoroughly explained the terms of a VCC sentence to Petitioner, and Petitioner stated that he understood the explanation and that he still intended to reject the plea offer. (*Id*. at 1072). Moreover, prior to trial, the State sent to Petitioner at his home address a copy of the Violent Career Criminal Notice. (*Id*.) The Notice set forth in detail the possible sentences facing Petitioner. The Court finds that Petitioner was fully informed of the terms of the plea offer and the details of a VCC sentence and that Petitioner knowingly decided to reject the plea offer.

Under the circumstances, Petitioner has failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court denies Claim One.

B.  **Claim Two**

Petitioner states that counsel failed to "call witnesses whose statements, description of the suspect and photo line-up identification was favorable and totally contradictory to the State's witnesses." (Doc. 1 at 7). According to Petitioner, Jennifer Lynn Woods, Katherine Rogers Dionne, Adediran Adepeju, and Samuel Ikuejamofo "gave favorable statements to police and their photo-id identification was favorable."

(*Id*.)  This claim was raised in Petitioner's Rule 3.850 motion, and it was denied because there was no showing of prejudice.

The law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States,* 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted).  The presentation of witness testimony is essentially strategy, and it is, therefore, within trial counsel's domain.  *Id*.  Mere speculation as to the testimony an uncalled witness would have given is too uncertain.  *Id*.  A petitioner cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.  *Id*.  In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial.  *Id*.  To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial.  *Id*.  Here, Petitioner fails to meet the prejudice prong of *Strickland* since he has not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified at trial.

Further, Petitioner confessed to committing the crimes during his interview with Detective April Brunner, and the videotape of this interview was played for the jury during the trial.  (Doc. 8-1 at 718-48).  In addition, the discovery in this case revealed

6

that the most these witnesses could say was that they could not identify the perpetrator. (*Id*. at 1064-66). Therefore, Petitioner cannot establish prejudice.

Under the circumstances, Petitioner has failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court denies Claim Two.

Allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right.

7

Thus, the Court will deny Petitioner a certificate of appealability.

### V.     CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 11th, 2017.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 10/11